**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**SANDRA PATTI,**

       **Plaintiff,**                          **Case No. 18-cv-11393**

       v.                                 **District Judge Robert H. Cleland**

**COMMISSIONER OF**                  **Magistrate Judge Mona K. Majzoub**
**SOCIAL SECURITY,**

       **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Sandra Patti seeks judicial review under 42 U.S.C. § 405(g) of Defendant Commissioner of Social Security's determination that she is not entitled to benefits under the Social Security Act. (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 10) and Defendant's Motion for Summary Judgment (docket no. 11). This matter has been referred to the undersigned for determination of all non-dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(A) and issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). (Docket no. 3.) Having reviewed the pleadings, the Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2) and issues this Report and Recommendation.

**I.      RECOMMENDATION**

For the reasons that follow, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 10) be **DENIED**, that Defendant's Motion for Summary Judgment (docket no. 11) be **GRANTED**, and that the case be dismissed in its entirety.

## II. PROCEDURAL HISTORY

Plaintiff applied for Disability Insurance Benefits ("DIB") on July 1, 2015, alleging that she has been disabled since July 27, 2010. (TR 350–51.) The Social Security Administration initially denied Plaintiff's claims on September 16, 2015. (TR 275–79.) On September 22, 2017, Plaintiff appeared with counsel and testified at a hearing before Administrative Law Judge ("ALJ") Lauren G. Burstein. (TR 221–60.)

On November 1, 2017, the ALJ issued an unfavorable decision on Plaintiff's claims. (TR 206–15.) Plaintiff requested review by the Appeals Council, which was denied on March 22, 2018. (TR 1–8.) On May 3, 2018, Plaintiff commenced this action for judicial review. (Docket no. 1.) The parties filed cross motions for summary judgment, which are currently before the Court. (Docket no. 10; docket no. 11.)

## III. HEARING TESTIMONY AND MEDICAL EVIDENCE

Plaintiff sets forth a brief procedural history of this matter as well as a short summary of her medical issues. (Docket no. 10, pp. 4–10.) In addition, the ALJ summarized Plaintiff's medical record (TR 208–14), and Defendant provided its own summary (docket no. 11, p. 4). Having conducted an independent review of Plaintiff's medical record and the hearing transcript, the undersigned finds that there are no material inconsistencies among these recitations of the record. Therefore, in lieu of re-summarizing this information, the undersigned will incorporate the above-cited factual recitations by reference and will also refer to the record as necessary to address the parties' arguments throughout this Report and Recommendation.

## IV. ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ determined that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2012. (TR 208.) The ALJ found that Plaintiff did not engage

2

in substantial gainful activity during the period from her alleged onset date of July 27, 2010 through her date last insured of December 31, 2012. (*Id.*) In addition, the ALJ found that Plaintiff had the following severe impairments: "degenerative disk disease; carpal tunnel syndrome; and obstructive sleep apnea." (*Id.*) Nevertheless, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (TR 210.) The ALJ determined that Plaintiff had the Residual Functional Capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b), subject to the following non-exertional limitations:

- Plaintiff can only occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl.
- Plaintiff can never climb ladders, ropes, or scaffolds.
- Plaintiff requires a clean-air environment with law [*sic*, low] exposure to pulmonary irritants.

(TR 210–14.) Based on this determination, the ALJ concluded that, through the date last insured, jobs existed in significant numbers in the national economy that Plaintiff could have performed, including Hand Packager, Assembler of Communication Equipment, and Assembler of Plastic Hospital Products. (TR 214–15.) Accordingly, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, at any time from July 27, 2010, the alleged onset date, through December 31, 2012, the date last insured. (TR 215.)

## V.    LAW AND ANALYSIS

### A.    Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d

525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts"). "But '[a]n ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) (quoting *Cole v. Astrue,* 661 F.3d 931, 937 (6th Cir. 2011)).

### B.  Framework for Social Security Determinations

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1)  Plaintiff was not presently engaged in substantial gainful employment; and

  (2)  Plaintiff suffered from a severe impairment; and

  (3)  the impairment met or was medically equal to a "listed impairment;" or

  (4)  Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [Plaintiff] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [Plaintiff's] individual physical and mental impairments.'" *Id.* (citations omitted).

  **C.**  **Analysis**

Plaintiff contends that the ALJ erred by declining to impose handling and fingering limitations based on her carpal tunnel syndrome. (Docket no. 10, pp. 11–13.)

The ALJ observed that Plaintiff "was diagnosed with carpal tunnel syndrome in 2002 and prescribed carpal tunnel splints" but also noted that "no treating source reported significant limitations in [Plaintiff's] hands." (TR 212.) Accordingly, the RFC does not limit Plaintiff's ability to handle objects or perform manipulative tasks with her fingers. (TR 210–11.)

Plaintiff emphasizes that the ALJ found carpal tunnel to be a severe impairment and that she wears wrist splints every day. (Docket no. 10, p. 11.) However, while Plaintiff argues that the

5

ALJ should have imposed "limitations in handling and fingering," she fails to specify what particular limitations should be imposed.

Review of the evidentiary record supports the ALJ's RFC analysis.  First, as Defendant notes, Plaintiff was diagnosed with carpal tunnel syndrome in 2002, eight years before her alleged disability onset date. (TR 680.)  This fact counters Plaintiff's assertion that the simple diagnosis of carpal tunnel syndrome mandates work-preclusive functional limitations.  Indeed, Plaintiff testified that she worked while wearing her wrist braces until 2007. (TR 244.)  In addition, state agency medical examiner Dr. Shanti Tanna acknowledged Plaintiff's carpal tunnel syndrome but declined to recommend any handling or manipulative limitations in her RFC. (TR 267–68.)  Among other factors, Dr. Tanna observed that Plaintiff completed a hand-written function report "in detail and in legible handwriting." (TR 269.)

Accordingly, the Court should find that substantial evidence supports the ALJ's RFC determination.

## VI. CONCLUSION

For the reasons stated herein, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 10) be **DENIED**, that Defendant's Motion for Summary Judgment (docket no. 11) be **GRANTED**, and that the case be dismissed in its entirety.

### REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638

F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: July 10, 2019                    s/Mona K. Majzoub
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated: July 10, 2019                    s/S. Osorio
                                        Acting Case Manager